IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NOL JOHNSON, | * |
| Petitioner, | * |
| v. | *   **Crim. Action No. RDB-18-0339**  **Civil Action No.   RDB-21-0090** |
| UNITED STATES OF AMERICA, | * |
| Respondent. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On October 9, 2019, *pro* se Petitioner Nol Johnson ("Johnson" or "Petitioner") pled guilty to one count of conspiracy to distribute and possess with the intent to distribute 400 grams or more of Fentanyl, in violation of 21 U.S.C. § 846. (Plea Agreement, ECF No. 360.) This Court sentenced Petitioner to a total term of 132 months of imprisonment followed by a five-year period of supervised release. (Judgment, ECF No. 441.) This sentence was as agreed by Johnson and the Government pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Currently pending before this Court is Petitioner's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.[1] (ECF No. 733.) The Government has filed a Response in opposition. (ECF No. 788.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 733) is DENIED.

---

[1] Petitioner Johnson has also filed a Motion for Compassionate Release (ECF No. 727). That motion will be addressed in a separate Memorandum Opinion and Order.

**BACKGROUND**

On December 13, 2018, Nol Johnson was charged along with 18 co-defendants in a 19-Count Second Superseding Indictment with conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846 (Count 1). (Second Superseding Indictment, ECF No. 170.)  On October 9, 2019, Johnson pled guilty to conspiracy to distribute and possess with intent to distribute controlled substances (Count 1), pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). (Plea Agreement, ECF No. 360.)  Johnson stipulated that between January 2017 and December 13, 2018, he conspired with co-defendants to distribute quantities of heroin and fentanyl and to possess with the intent to distribute those drugs in Baltimore, Maryland and elsewhere. (*Id.*, Attachment A.)  Johnson also waived his right to appeal his conviction and sentence. (*Id.* ¶ 13.)

This Court conducted a Sentencing Hearing on December 2, 2019. (ECF No. 438.) At sentencing, this Court reviewed the Presentence Investigation Report ("PSR") with Johnson, his counsel, and the Government. (12/2/2019 Sentencing Tr., ECF No. 520; PSR, ECF No. 432.)  The PSR reflected a total offense level of 29 and a criminal history category of VI, resulting in an advisory guideline range of 151 to 188 months. (PSR ¶ 91.)  Under the Rule 11(c)(1)(C) plea agreement, the parties agreed that a sentence of 132 months' imprisonment was the appropriate disposition of this case. (Plea Agreement, ECF No. 360.) Based on these factors, this Court sentenced Johnson to 132 months' imprisonment, followed by a five-year period of supervised release. (Judgment, ECF No. 441.)  On January 12, 2021,

Johnson filed the presently pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 733.)

## STANDARD OF REVIEW

This Court recognizes that the Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426–27, 82 S. Ct. 468 (1962) (citing 28 U.S.C. § 2255). "If the court finds . . . that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

The scope of a § 2255 collateral attack is far narrower than an appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman*, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584 (1982)). Thus, any failure to raise a claim on direct appeal constitutes a procedural default that bars presentation of the claim in a § 2255 motion unless the petitioner can demonstrate cause and prejudice, or actual innocence. *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010); *see Dretke v. Haley*, 541

U.S. 386, 393, 124 S. Ct. 2291 (2004); *Reed v. Farley*, 512 U.S. 339, 114 S. Ct. 2291 (1994); *see also United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999). Conversely, any "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509, 123 S. Ct. 1690 (2003).

## ANALYSIS

Johnson argues that his sentence must be vacated because his attorney failed to render effective assistance of counsel by failing to inform him of his right to seek an evidentiary hearing and by failing to inform him of his right to file a motion to suppress. A freestanding claim of ineffective assistance of counsel may properly be asserted for the first time in a § 2255 petition. *United States v. DeFusco*, 949 F.2d 114, 120–21 (4th Cir. 1991). To state a claim for relief based on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671, 104 S. Ct. 2052 (1984).

The first, or "performance," prong of the test requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Id.* at 688. In making this determination, courts apply a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 688–89. To satisfy the first prong, the Petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound . . . strategy.'" *Id.* at 689. Specifically, a Petitioner must identify "the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690.

4

The second, or "prejudice" prong, requires that a petitioner demonstrate that his counsel's errors "had an adverse effect on the defense." *Id.* at 693. In the plea-bargaining context, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366 (1985).

Johnson's arguments that his counsel was deficient by failing to notify him of his right to seek an evidentiary hearing and of his right to file a motion to suppress are meritless. As a preliminary matter, Johnson expressed satisfaction with his counsel during the Rule 11 proceeding, affirming that he had "discussed the whole situation with [counsel], including the evidence in the case," that he was "fully satisfied with [counsel] and her representation and the advice" she gave him, and that there was nothing he asked counsel to do that she had not done. (*See* 10/9/2019 Arraignment Tr. at 11:16-12:7, ECF No. 519.) There is no reason for this Court to now doubt the truth of Johnson's sworn statements. *See United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (citations omitted) ("A defendant's solemn declarations in open court affirming a plea agreement carry a strong presumption of verity because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy.").

As to counsel's alleged failure to seek an evidentiary hearing, this Court rejected an identical request made by one of Johnson's co-defendants the day before Johnson pled guilty. (*See* ECF Nos. 338, 345, 352.) Johnson's co-defendant sought to plead guilty to Count I's conspiracy charge but suggested that an evidentiary hearing could be held to determine the drug quantity for which he was responsible. (ECF No. 338.) On October 8, 2019, the Court

held a telephone conference and determined that Johnson's co-defendant could not plead guilty without admitting to the specific drug quantities found by the grand jury and that no such evidentiary hearing would be held.  Accordingly, the Court sees no reason to find that Johnson's counsel's decision not to seek a hearing, which this Court had already rejected as to Johnson's co-defendant, was anything other than "sound strategy." *See Strickland*, 466 U.S. at 689.

Johnson's argument that his counsel failed to file a motion to suppress is belied by the fact that his counsel *did* file a motion to suppress on Johnson's behalf, by way of a Motion to Adopt Johnson's co-defendants' motions (ECF No. 295), which included motions to suppress (ECF Nos. 299, 301, 302, 307, 308.)  In addition, Johnson's counsel filed a Motion for Leave to File Additional Motions (ECF No. 297), in the event that the Government made additional disclosures that may have prompted his counsel to file a separate Motion to Suppress.  In any event, this Court finds that counsel's decision not to file a separate Motion to Suppress for Johnson in a 19-defendant drug conspiracy case was not constitutionally defective.  *See Butler v. United States*, No. ELH-08-381, 2014 WL 5325222, at *20 (D. Md. Oct. 15, 2014) (denying § 2255 motion, noting "…it is common for one lawyer to join in or adopt the motion filed by another lawyer. Indeed, such a practice is often encouraged, to avoid needless repetition of the same contentions").

Moreover, even if counsel's conduct was deficient, Johnson does not argue that but for counsel's alleged errors, he would not have pled guilty.  As such, Johnson fails to satisfy the prejudice prong of the *Strickland* standard. *See Hill*, 474 U.S. at 59.

In sum, Johnson's claims of ineffective assistance of counsel cannot overcome the "'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *See Yarbrough v. Johnson*, 520 F.3d 329, 337 (4th Cir. 2008) (quoting *Strickland*, 466 U.S. at 689)). As a result, Johnson's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 733) is DENIED.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 733) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: May 27, 2021

_____/s/_____
Richard D. Bennett
United States District Judge